CULPEPPER, Judge.
This is a suit to annul a decision of the Municipal Employees Civil Service Board of the City of Rayne. Plaintiff was discharged from his position as a policeman in the classified service. His request for a hearing before the Civil Service Board was denied on the grounds that it was not filed within 15 days after his dismissal, as required by LSA-R.S. 33:-2561. Plaintiff then filed the present suit in the district court asking that the decision of the board be set aside, that the board *622 be ordered to grant the hearing requested, and, alternatively, that petitioner be granted additional time to request a hearing or that he be re-instated with back pay. From an adverse judgment, plaintiff appealed.
The substantial issue is whether plaintiff was discharged, within the meaning of LSA-R.S. 33:2561, which requires that he request a hearing before the Civil Service Board within 15 days from the day of his dismissal?
The facts are that on January 11, 1965, after their regular public meeting, the mayor and board of aldermen met privately in the mayor’s office to consider a request by the chief of police that the plaintiff, James Montgomery, be discharged. The mayor testified that the reason for the private meeting was to avoid embarrassment to plaintiff. They decided to discharge plaintiff and requested the chief to notify him.
Pursuant to these instructions, the chief of police advised plaintiff on January 13, 1965 that he (was discharged as of January 15, 1965. -Plaintiff did not actually return to work after January 13, 1965.
On January 18, 1965, Mr. Norman F. Faulk, director of personnel and city clerk for the city of Rayne, mailed the following notice to plaintiff:
“Dear Mr. Montgomery:
“The Chief of Police has advised me that he has discharged you from your duties on the Rayne Police Force, effective January 15, 1965.
“The reason for your release is covered in Section 1.2, subsection E of Rule 9 of the Civil Service Laws, which states a person may be removed from the service for ‘conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest disgraceful, immoral or prejudicial conduct.’
“You have a right to make a reply to the above charges in writing, and if you elect to do so, this office shall consider the reply and make an investigation of the facts.
“I am enclosing a check in the amount of $62.50 which represents pay for one week of earned vacation.”
On October 20, 1965, approximately nine months after plaintiff was discharged, he wrote letters to the director of personnel and the Municipal Employees Civil Service Board requesting a hearing to determine the legality of his dismissal. By letter dated December 3, 1965, the Civil Service Board advised plaintiff of its refusal to hold a hearing on the grounds that his request was not filed within 15 days after his discharge.
On January 3, 1966, plaintiff filed the present suit in the district court. The defendants filed an answer and certain exceptions, on the grounds that plaintiff did not timely request a hearing before the Civil Service Board. After a hearing on September 18, 1969, the district judge sustained the exceptions and dismissed plaintiff’s suit.
LSA-R.S. 33:2561 provides in pertinent part:
“Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.”
Under the quoted provisions of the statute, plaintiff had 15 days from the date of his discharge within which to demand a hearing and investigation by the Civil Service Board. As stated above, the facts show that he made no such demand until approximately nine months after he was discharged. Hence, plaintiff’s demand for a hearing was not timely and was properly denied by the board.
*623 Plaintiff’s principal argument is that he was never discharged by the “appointing authority”- in compliance with the applicable Civil Service Statutes and Rules, and, hence, the 15-days delay to demand a hearing never commenced.
Plaintiff cites LSA-R.S. 33:2560, for the proposition that only “the appointing authority” may remove a Civil Service employee. Also, Rule 1, Sec. 2 of the Rules of the Municipal Employees Civil Service Board for the city of Rayne, which defines the “appointing authority” as the mayor and board of aldermen of the city of Rayne. Plaintiff also points out that there was no compliance with LSA-R.S. 33:2560, subd. D which requires that in case of disciplinary action “the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefor.”
The answer to these arguments as to whether the mayor and board of aldermen followed the proper procedure in discharging plaintiff is that, regardless of any procedural deficiencies, plaintiff was in fact discharged by action of the mayor and board. He was notified of this action, orally by the chief of police and in writing by the director of personnel. The letter from the director of personnel also advised plaintiff of his right to request a hearing before the Civil Service Board. Plaintiff received his salary only through January 15, 1965, and did not return to work thereafter. There is no question that he knew he had been discharged and knew that if he wanted a hearing he had to request it.
Clearly, plaintiff had a right to request a hearing within 15 days after his dismissal. We do not find it necessary to decide whether his discharge was effective on January 13, 1965, the date he was so advised by the chief of police, or on January 15, 1965, the effective date of his discharge, or on January 18, 1965, the date he received written notice from the director of personnel. For approximately nine months elapsed from the latest of these dates before plaintiff applied to the Civil Service Board for a hearing.
It may be that if plaintiff had timely demanded a hearing he could have secured reinstatement by showing the procedures required for discharge were not followed. However, having failed to timely request a hearing, he is entitled to none.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.